Kelmansky Law

Yuliya Kelmansky
State Bar No. 338601
145 South Fairfax Ave #222,
Los Angeles, California, 90036

Telephone: (213) 932-8922

Attorney for Defendant

UNITED STATE DISCRICT COURT
for the
Central District of California

| | |
|---|---|
| MAKSIM ZAITSEV,<br><br>Petitioner,<br>vs.<br><br>WARDEN, ADELANTO ICE PROCESSING CENTER,<br>In his/her official capacity,<br><br>ERNESTO SANTACRUZ, JR,<br>ACTING FIELD OFFICE DIRECTOR, ENFORCEMENT AND REMOVAL OPERATIONS, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (LOS ANGELES FIELD OFFICE),<br><br>TODD M. LYONS,<br>ACTING DIRECTOR OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>KRISTI NOEM<br>SECRETARY OF U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>THE ATTORNEY GENERAL OF THE UNITED STATES AND THE SENIOR OFFICIAL OF THE U.S. DEPARTNENT OF JUSTICE (DOJ),<br><br>Respondent. | Case No.<br><br>EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO U.S.C. § 2241 AND<br><br>EMERGENCY MOTIOION FOR TEMPORARY RESTRAINING ORDER AND<br><br>EMERGENCY MOTION FOR IMMEDIATE RELEASE |

## INTRODUCTION

Petitioner MAKSIM ZAITSEV (A-Number: A246-314-411) is a civil immigration detainee currently held in the custody of U.S. Immigration and Customs Enforcement (ICE). Petitioner has been detained continuously since February 25, 2025.

Petitioner challenges his ongoing detention pursuant to 28 U.S.C. § 2241. This is a detention challenge. Petitioner does not seek review of a removal order; rather, he challenges the legality and constitutionality of his continued civil confinement.

Petitioner was previously prosecuted in a federal criminal case, United States v. Zaitsev, Case No. CR25-00154-SPG, in the United States District Court for the Central District of California. On May 20, 2025, that case was dismissed WITH PREJUDICE.

Petitioner fully prevailed. There is no conviction, no pending criminal charge, and no lawful criminal basis for custody.

Immediately following the dismissal with prejudice, Petitioner was taken into U.S. Immigration and Customs Enforcement (ICE) custody and remains detained without an individualized determination of flight risk or danger, and without lawful statutory authority.

Petitioner has lived in the United States for approximately three years and entered this country for the express purpose of seeking political asylum.

His presence in the United States is not clandestine or evasive; rather, Petitioner affirmatively presented himself to U.S. authorities to obtain lawful protection and immigration status.

Accordingly, there is no rational or factual basis to conclude that Petitioner poses a flight risk, as his stated objective is to remain in the United States and regularize his status through lawful immigration proceedings.

Petitioner's continued detention is unconstitutional and unlawful because it violates the Fifth Amendment's guarantees of substantive and procedural due process. U.S. Immigration and Customs Enforcement (ICE) may not detain an individual as a form of punishment or as a pretext for criminal incarceration after the government has lost its criminal case. Civil immigration detention must be narrowly tailored to a legitimate government purpose, which is absent here.

Further, Petitioner's detention is not reasonably foreseeable to end. Despite the complete dismissal of the federal criminal case, ICE has failed to demonstrate any lawful basis for continued confinement or any realistic pathway to release. Each additional day of detention constitutes irreparable harm and an ongoing constitutional injury.

## A. The Record Demonstrates Continuous Compliance, Not Flight Risk

The Immigration Judge denied bond solely on the basis of an asserted "flight risk." That finding is not supported by substantial evidence and is contradicted by the record.

Mr. Zaitsev has consistently complied with all government directives since his arrival in the United States. Whenever he received correspondence or reporting instructions from immigration authorities, he timely appeared and complied, including regular check-ins with ICE. There is no evidence that Mr. Zaitsev has ever failed to appear, attempted to abscond, or violated any condition imposed by the government.

A finding of flight risk requires more than speculation. It must be grounded in specific, articulable facts, not generalized assumptions applicable to all asylum seekers.

## B. Mr. Zaitsev's Asylum Claim and Fear of Return Negate Any Rational Basis for Flight Risk

Mr. Zaitsev entered the United States to seek protection, not to evade lawful proceedings. He fled Russian Federation after being targeted for his political opposition to the war in Ukraine, including participation in protests. The Russian government is actively seeking him, and return would expose him to detention and persecution.

These facts undermine, rather than support, any finding of flight risk. Mr. Zaitsev has no incentive to flee from U.S. immigration proceedings when:

1. He is actively pursuing asylum;
2. He fears persecution if removed;
3. He has demonstrated compliance with all reporting requirements; and
4. He is awaiting adjudication of his claims through lawful channels.

Courts have repeatedly recognized that an individual seeking asylum—particularly one fleeing political persecution—has every incentive to remain present and comply with immigration proceedings.

## C. "Flight Risk" Cannot Be Presumed Solely from Immigration Status

The Immigration Judge's reasoning appears to rest on the impermissible assumption that noncitizens in removal proceedings are inherently flight risks. That reasoning violates due process.

If immigration status alone were sufficient to establish flight risk, bond would be categorically unavailable, contrary to the statutory framework and constitutional requirements. Due process requires an individualized

determination, based on evidence specific to the detainee—not on generalized assumptions.

Here, the government presented no evidence that Mr. Zaitsev has the means, intent, or plan to flee. The notion that he would "fly" is speculative and illogical: there is nowhere he can lawfully go, and any departure would undermine the very protection he is seeking.

## D. Continued Detention Is Not Reasonably Related to Any Legitimate Government Interest

Civil immigration detention is lawful only where it is reasonably related to ensuring appearance or protecting the community. Because Mr. Zaitsev is not a danger and not a flight risk, continued detention is punitive rather than regulatory, in violation of due process.

Less restrictive alternatives—such as bond, supervision, or reporting requirements—are more than sufficient to ensure appearance, as demonstrated by Mr. Zaitsev's prior compliance.

## E. Habeas Relief Is Warranted

Because the bond denial rests on an unsupported and irrational flight-risk finding, Mr. Zaitsev's continued detention violates the Due Process Clause. Habeas relief is warranted, and this Court should order Mr. Zaitsev's release under reasonable conditions.

A person who fled his home country to escape political persecution and has complied with every government directive since arrival has no rational incentive to abscond from the very process that offers him protection.

Accordingly, Petitioner respectfully requests that this Court: (1) grant the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241; (2) issue a Temporary Restraining Order prohibiting Respondents from continuing Petitioner's unlawful detention; and (3) order Petitioner's immediate release from ICE custody, or in the alternative, an immediate bond hearing with the burden placed on the Government.

**JURISDICTION**

This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq*.

This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause). Under 8 U.S.C. § 1252(e)(2), this Court has habeas authority to determine whether Petitioner is a noncitizen / whether Petitioner was ordered removed under 8 U.S.C. § 1225(b)(1) / whether Petitioner can prove by a preponderance of the evidence that he a lawful permanent resident / asylee under 8 U.S.C. § 1158.

This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et. seq*., the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

Venue is proper because Petitioner is detained at U.S. Immigration and Customs Enforcement (ICE) Processing Center in Adelanto, California, which is within the jurisdiction of this District.

## REQUIREMENTS OF 28 U.S.C. § 2243

The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require

respondents to file a return "within *three days* unless for good cause additional time, not exceeding twenty days, is allowed."

Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963).

## PARTIES

Petitioner is a civil immigration detainee. Petitioner is detained at U.S. Immigration and Customs Enforcement (ICE) Processing Center in Adelanto, California. He is in the custody, and under the direct control, of Respondents and their agents.

Respondent is the Warden of U.S. Immigration and Customs Enforcement (ICE) Processing Center in Adelanto, California, and he has immediate physical custody of Petitioner pursuant to the facility's contract with U.S. Immigration and Customs Enforcement to detain noncitizens and is a legal custodian of Petitioner. Respondent is a legal custodian of Petitioner.

Respondent is sued in his official capacity as the Acting Director of the Los Angeles Field Office of U.S. Immigration and Customs Enforcement. Respondent is a legal custodian of Petitioner and has authority to release him.

Respondent is sued in his official capacity as the Secretary of the U.S. Department of Homeland Security (DHS). In this capacity, Respondent KRISTI NOEM is responsible for the implementation and enforcement of the Immigration and Nationality Act and oversees U.S. Immigration and Customs Enforcement / U.S. Customs and Border Protection, the component agency responsible for Petitioner's detention/custody. Respondent KRISTI NOEM is a legal custodian of Petitioner.

Respondent Pam Bondi is sued in her official capacity as the Attorney General of the United States and the senior official of the U.S. Department of Justice (DOJ). In that capacity, she has the authority to adjudicate removal cases and to oversee the Executive Office for Immigration Review (EOIR), which administers the immigration courts and the BIA. Respondent the Attorney General of the United States and the senior official of the U.S. Department of Justice (DOJ). is a legal custodian of Petitioner.

## **STATEMENT OF FACTS**

Petitioner is a 36-year-old citizen of the Russian Federation and a pending asylum

applicant before the Executive Office for Immigration Review. He is scheduled for an individual hearing on January 7, 2026, before the Immigration Court. He is currently detained by U. S. Immigration and Customs Enforcement (ICE) in civil immigration custody.

1. Entry into the United States:

Petitioner entered the United States through Mexico approximately three years ago. On February 25, 2025, petitioner received a notice from ICE (Form G-56) instructing him to report with his wife, Popova Ksenia, to ICE. He appeared at the ICE office located at 300 Los Angeles Street, Los Angeles, CA, at approximately 9:00 a.m. on that date.

2. Incident of Abuse by ICE Officers:

Upon arrival, ICE Officer Robles and other officers arrested Mr. Zaitsev and brutally assaulted him while he was handcuffed. Officers beat petitioner and attempted to force petitioner's sweatshirt hood into his mouth causing him to struggle for air. In the course of defending himself against this suffocation, petitioner inadvertently bit one officer's pinky, which became injured. These actions occurred while petitioner was handcuffed and restrained, and in response to the immediate threat of serious bodily harm. Petitioner sustained serious injuries. Multiple ICE officers participated in this assault, causing significant physical and psychological trauma.

3. Custody and Judicial Release:

Petitioner subsequently prevailed in related proceedings before a federal

judge, who ordered his release. Despite this order, petitioner has remained in ICE custody.

4. Criminal Case Disposition:

Petitioner's prior criminal case, CR25-00154-SPG, was disposed on May 20, 2025. DHS and ICE have relied upon the disposition of this case in the continued detention of petitioner, including the abusive treatment described above.

5. Legal Representation:

Petitioner is represented by counsel, undersigned, and has not appeared pro se in any proceedings related to his detention or removal. Petitioner's immigration attorney is actively preparing for petitioner's upcoming asylum hearing.

6. Necessity of Habeas Petition:

Filing this habeas petition is necessary to adjudicate the legality of petitioner's continued detention, to address the physical and psychological abuse he suffered at the hands of ICE officers, and to ensure proper judicial review of the circumstances that led to his detention despite the federal judge's release order.

## LEGAL FRAMEWORK

Petitioner Maksim Zaitsev, a civil immigration detainee and pending asylum applicant, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. As a noncitizen in ICE custody, petitioner is entitled to constitutional due

process protections under the Fifth Amendment, including the right not to be subjected to unlawful or punitive detention and the right to a meaningful opportunity to challenge his detention. While ICE may detain noncitizens under 8 U.S.C. §§ 1226(a) and (c), such detention must be reasonably related to legitimate immigration purposes and may not continue unlawfully following judicial release. Petitioner further alleges that he was subjected to physical abuse and torture by ICE officers while handcuffed, including attempted suffocation, resulting in injury, which constitutes a violation of his constitutional and statutory rights and underscores the necessity of habeas review.

## CLAIMS FOR RELIEF

### COUNT ONE

### Violation of Fifth Amendment Right to Due Process

1. Petitioner re-alleges and incorporates by reference all allegations set forth in the Factual Background above.

2. By continuing to detain petitioner despite the federal judge's order for release, and by subjecting petitioner to physical abuse and torture while in ICE custody, Respondents have violated petitioner's right to due process under the Fifth Amendment.

3. The detention of petitioner, including the conditions described above, is punitive, unlawful, and not reasonably related to any legitimate immigration purpose, in violation of his constitutional rights.

## COUNT TWO

### Violation of 8 U.S.C. §§ 1226(a) and 1226(c) and Implementing Regulations

1. Petitioner re-alleges and incorporates by reference all allegations set forth in the Factual Background above.

2. Respondents have detained petitioner in violation of the statutory framework governing civil immigration detention, including 8 U.S.C. §§ 1226(a) and 1226(c), and the implementing regulations.

3. Petitioner's detention has continued unlawfully after judicial release and under conditions that violate the standards set forth by Congress and the Department of Homeland Security, including the right to humane treatment and protection from abuse while in custody.

## PRAYER FOR RELIEF

WHEREFORE, petitioner Maksim Zaitsev respectfully requests that this Court grant the following relief:

1. Assume jurisdiction over this matter pursuant to 28 U.S.C. § 2241;
2. Issue an order to show cause, directing respondents to show cause why this petition should not be granted within three (3) days of service;
3. Declare that petitioner's detention, as challenged herein, violates the Due Process Clause of the Fifth Amendment;
4. Issue a writ of habeas corpus, ordering respondents to release petitioner immediately, or, in the alternative, schedule a bond hearing before the Immigration Judge;
5. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Yuliya Kelmansky

*Counsel for Petitioner*

Dated: 12/21/2025

-

-

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I represent Petitioner, MAKSIM ZAITSEV, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 21st day of December 2025.

Yuliya Kelmasky