UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-00454-SPG-AS | Date | May 8, 2026 |
|---|---|---|---|
| Title | Maksim Zaitsev v. Warden et al. | | |

Present: The Honorable     SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE

| P. Gomez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:     (IN CHAMBERS) ORDER DENYING PETITIONER'S REQUEST FOR A PRELIMINARY INJUNCTION [ECF NO. 18]**

On March 25, 2026, Petitioner Maksim Zaitsev ("Petitioner") filed a Motion for Temporary Restraining Order, seeking an order to compel his release from immigration detention. *See* (ECF No. 18 ("Motion")). On April 15, 2026, the Court granted the Motion and ordered Petitioner's release from custody. *See* (ECF No. 35 ("TRO Order")). In connection with the TRO Order, the Court also ordered Respondents Warden, Adelanto Immigration and Customs Enforcement ("ICE") Processing Center; Ernesto Santacruz, Jr., Acting Field Office Director, Enforcement and Removal Operations, ICE Los Angeles Field Office; Todd Lyons, Acting Director, ICE; Markwayne Mullin, Secretary, Department of Homeland Security; and Todd Blanche, Acting Attorney General, United States Department of Justice ("Respondents") to show cause why the Court should not issue a preliminary injunction enjoining Respondents from re-detaining Petitioner without first providing him with notice and a pre-detention hearing. *See* (*id.* at 16). Respondents have now filed a Response to the Court's order to show cause, *see* (ECF No. 36 ("Response")), and Petitioner has filed a Reply in support of the Court's issuance of a preliminary injunction, *see* (ECF No. 38 ("Reply")). Having considered the submissions, the record in this case, and the relevant law, the Court DENIES Petitioner's request for a preliminary injunction and DISMISSES the Petition as moot.

**I.     Background[1]**

Petitioner is a Russian national present in the United States. *See* (ECF No. 1 ("Petition") at 10-11). He arrived in the United States approximately three years ago and, upon entry, presented himself to Customs and Border Patrol seeking asylum. *See* (*id.* at 3). Customs and Border Patrol granted Petitioner conditional parole and, later, ICE entered an

---

[1] The TRO Order sets forth more fully the facts alleged in the Petition and Motion. The Court thus discusses only the facts that it deems relevant here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-00454-SPG-AS | Date | May 8, 2026 |
|---|---|---|---|
| Title | Maksim Zaitsev v. Warden et al. | | |

Order of Release on Recognizance. *See* (ECF No. 32 at 2).

In or around February 2025, Petitioner received a notice from ICE, directing him to report, along with his wife, to an ICE field office in Downtown Los Angeles on February 25, 2025. *See* (Petition at 11). At the ICE field office, two deportation officers placed Petitioner under arrest. *See* (*id.*). As officers took Petitioner into custody, Petitioner began yelling to his wife in Russian. *See* (ECF No. 1-3, Ex. A ("Hearing Transcript"), at 13). According to the Petition, one of the officers attempted to force Petitioner's sweatshirt hood into his mouth, and Petitioner bit down on the officer's finger, fracturing the officer's pinky finger. *See* (Petition at 11; Hearing Transcript at 13). The deportation officers punched Petitioner multiple times, and Petitioner sustained lacerations on his head and face. *See* (Hearing Transcript at 13-14).

The Government subsequently brought criminal charges against Petitioner for assaulting a federal employee. *See* Complaint, *United States v. Zaitsev ("Zaitsev")*, 2:25-cr-00154-SPG-1, ECF No. 1 (C.D. Cal. Feb. 25, 2025). In connection with the criminal proceedings, the Court ordered Petitioner's release on bond but, upon release, Petitioner was immediately taken into ICE administrative custody. *See* Bond and Conditions of Release, *Zaitsev*, ECF No. 37 (C.D. Cal. Apr. 4, 2025); *see also* (ECF No. 8-2, Ex. 2). Roughly a week before the case was scheduled for trial, following a pre-trial hearing, one of the officers who beat Petitioner confronted Petitioner in ICE custody. *See* (Hearing Transcript at 14-15, 20-21). Following the confrontation, Petitioner moved to dismiss the Government's indictment, claiming that the officer violated Petitioner's right to due process by discouraging Petitioner from testifying in his own defense. *See* Motion to Dismiss Indictment, *Zaitsev*, ECF No. 91 (C.D. Cal. May 17, 2025).

The Court held an evidentiary hearing on the Motion to Dismiss Indictment. Based on the evidence presented, the Court dismissed the indictment, finding that the officer's confrontation of Petitioner in custody a week before trial amounted to substantial Government interference with Petitioner's decision whether to testify in his own defense. *See* (Hearing Transcript at 31). The Court reached this conclusion based on the ICE officers beating Petitioner during his arrest, Petitioner's testimony about the threatening tone of the officer who confronted him in custody, and video footage showing the confrontation. *See* (*id.* at 25-27). The Court also relied on the Government's decision not to cross-examine Petitioner, ask any questions of the officer who confronted Petitioner in custody, or call as witnesses any officers who were present for the confrontation. *See* (*id.* at 37); *see also* (*id.* at 21, 30). After the Court dismissed the indictment, ICE continued to hold Petitioner in administrative custody. *See* (Petition at 2).

Petitioner received three bond hearings in immigration detention. In the first two hearings, the presiding immigration judge ("IJ") determined that Petitioner was an "arriving alien" and, therefore, that he lacked jurisdiction to consider whether Petitioner was eligible for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-00454-SPG-AS | Date | May 8, 2026 |
| Title | Maksim Zaitsev v. Warden et al. | | |

release on bond. *See* (ECF No. 8-4, Ex. 4; ECF No. 8-5, Ex. 5). Roughly seven months after Petitioner was re-detained by ICE, on November 14, 2025, Petitioner received a bond hearing at which the IJ required the Government to show by clear and convincing evidence that Petitioner was ineligible for release on bond. *See* (ECF No. 8-6, Ex. 6). Based on the evidence presented, the IJ determined that Petitioner posed a flight risk and denied his request for release on bond. *See* (*id.*).

Petitioner filed a habeas petition on January 15, 2026. He also filed a motion for a temporary restraining order on the same day. *See* (ECF No. 1-3). In the briefing on the initial TRO application, Petitioner primarily challenged the IJ's determination in Petitioner's third bond hearing that Petitioner posed a flight risk, and the IJ's rationale justifying Petitioner's continued detention. *See* (ECF No. 1-3 at 2-4; ECF No. 9 at 2-4). On February 9, 2026, the Court denied the initial TRO application, concluding that Petitioner had not shown a likelihood of success on the merits of his statutory or constitutional claims. *See* (ECF No. 14). On March 25, 2026, Petitioner filed a renewed motion for a temporary restraining order, which challenged Petitioner's re-detention without prior notice or a hearing as a violation of his right to procedural due process. *See* (Motion at 5-6).

The Court granted the renewed motion on April 15, 2026. In the TRO Order, the Court determined that Petitioner had sufficiently shown that he was likely to succeed on the merits of his claim that Respondents violated his right to procedural due process. *See* (TRO Order at 9-14). The Court explained that Petitioner had a protected liberty interest in his continued freedom from incarceration, by virtue of his release on an order of recognizance. *See* (*id.* at 9). The Court then applied the factors from the balancing test articulated in *Mathews v. Eldrige*, 424 U.S. 319 (1976), and determined that Petitioner was likely to succeed in showing that he was entitled to both notice of the basis for Respondents' decision to revoke Petitioner's release on the order of recognizance and to a pre-detention hearing. *See* (TRO Order at 11-13). After finding that Petitioner had also demonstrated irreparable harm and that the balance of equities favored interim injunctive relief, the Court ordered Respondents to release Petitioner from custody and temporarily enjoined Respondents from re-detaining Petitioner without first providing him with a pre-deprivation hearing before a neutral decisionmaker. *See* (*id.* at 14-16). The Court further issued an order to show cause why the Court should not issue a preliminary injunction. *See* (*id.* at 16). The parties have now each filed their response to the order to show cause. *See* (Response; Reply).[2]

---

[2] After Respondents filed their Response, on April 21, 2026, Respondents filed a status report, informing the Court that an IJ ordered Petitioner's removal to Russia. *See* (ECF No. 37). According to the status report, Petitioner reserved his right to appeal the IJ's decision to the Board of Immigration Appeals ("BIA"), and the deadline for Petitioner to file an appeal is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-00454-SPG-AS | Date | May 8, 2026 |
| Title | Maksim Zaitsev v. Warden et al. | | |

## II.    Legal Standard

The standard for issuing a preliminary injunction is essentially the same as that for issuing a temporary restraining order. *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) ("[T]he legal standards applicable to TROs and preliminary injunctions are substantially identical." (internal quotation marks and citation omitted)). Thus, a petitioner may secure a preliminary injunction upon establishing that: (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "[S]erious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction," so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation marks omitted). "In each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Winter*, 555 U.S. at 24 (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987)). "'In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.'" *Id.* (quoting *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)).

## III.    Analysis

In their Response to the Court's order to show cause, Respondents principally argue that Petitioner's release from ICE custody moots the Petition. *See* (Response at 1-6). In his Reply, Petitioner primarily argues that the case is not moot because, without a permanent injunction, Petitioner faces a continued threat of being re-arrested by ICE. *See* (Reply at 3-6).

Whether Respondents' release of Petitioner from ICE custody pursuant to the TRO caused the Petition to be moot depends on whether the Petition continues to present a case or controversy under Article III, § 2 of the United States Constitution. "This case-or-controversy

---

set for May 20, 2026. *See* (*id.*). Under 8 U.S.C. § 1231, noncitizens ordered removed are subject to mandatory detention for a 90-day period following the later of several deadlines, one of which is the date on which the order of removal becomes administratively final. *See* 8 U.S.C. § 1231(a)(1)(B)(i), (a)(2)(A). As Petitioner may still appeal the IJ's removal order, that order is not administratively final and, therefore, § 1231's mandatory detention provision does not apply. *See* 8 U.S.C. § 1101(a)(47)(B) (removal order final upon earlier of BIA decision affirming order or expiration of deadline to seek review); *see also Ocampo v. Holder*, 629 F.3d 923, 927 (9th Cir. 2010) (addressing when a removal order becomes final).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-00454-SPG-AS | Date | May 8, 2026 |
| Title | Maksim Zaitsev v. Warden et al. | | |

requirement subsists through all stages of federal judicial proceedings." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Thus, "[t]o maintain an extant claim, a litigant must continue to have a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings." *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007) (internal quotation marks omitted). However, "[a] case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307-08 (2012) (internal quotation marks omitted). "[A]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Ellis v. Brotherhood of Railway Clerks*, 466 U.S. 435, 442 (1984).

As a general matter, the fact that a habeas petitioner has been temporarily released from custody pursuant to a TRO or preliminary injunction does not necessarily moot the underlying habeas petition. *See Nielsen v. Preap*, 586 U.S. 392, 403 (2019); *see also Abdala*, 488 F.3d at 1063-64. This is because these forms of preliminary relief "do not conclusively resolve legal disputes," but instead only involve a determination that "a plaintiff is *likely* to succeed on the merits." *Lackey v. Stinnie*, 604 U.S. 192, 200 (2025). Preliminary relief serves only to "preserve the relative positions of the parties until a trial on the merits can be held" and should not be taken as "tantamount to [a] decision[ ] on the underlying merits." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 394 (1981). Because a TRO involves no final determination of the merits and has no continuing effect beyond an initial 14-day period, there may still be a live controversy following a court's entry of a TRO. *See Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973) ("[H]abeas corpus relief is not limited to immediate release from illegal custody, but [ ] the writ is available as well to attack future confinement.").

The Petition requests that the Court: (1) declare that Petitioner's detention violates the Fifth Amendment's Due Process Clause; (2) order Petitioner's release or a bond hearing; and (3) grant such other and further relief as the Court deems just and proper. *See* (Petition at 15).[3] In connection with the Motion, Petitioner has also requested that the Court enter prospective relief in the form of a preliminary injunction to prevent Respondents from re-detaining him without first providing him notice and an opportunity to be heard. *See* (Motion at 15). However, the Petition does not seek prospective relief, *see* (Petition at 15), and Petitioner has not cited authority for the proposition that the case may continue to present a live case or controversy based on relief not requested in the Petition, *see generally* (Reply). Therefore, the Court looks to the Petition to determine whether it can still grant effective relief. *See Murphy v. Hunt*, 455 U.S. 478, 481-82 (1982) (challenge to pretrial detention was mooted by subsequent conviction

---

[3] The Petition also requests that the Court assume jurisdiction and issue an order to show cause, directing Respondents to show cause why the Petition should not be granted. *See* (*id.*). These requests do not seek independent relief and, instead, simply request that the Court adjudicate the Petition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-00454-SPG-AS | Date | May 8, 2026 |
|---|---|---|---|
| Title | Maksim Zaitsev v. Warden et al. | | |

because the complaint did not include a request for damages and, instead, only requested declaratory and injunctive relief to address legality of pretrial detention).

First, Petitioner seeks a declaratory judgment that the circumstances of his detention were unlawful. *See* (Petition at 15). The test for determining whether a claim for declaratory relief is moot is whether there is "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Ctr. for Biological Diversity v. Lohn*, 511 F.3d 960, 963 (9th Cir. 2007). "[A] declaratory judgment merely adjudicating past violations of federal law—as opposed to continuing or future violations of federal law—is not an appropriate exercise of federal jurisdiction." *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 868 (9th Cir. 2017) (internal alterations omitted). Here, Petitioner is no longer detained, and his request for declaratory relief only pertains to the circumstances of his prior detention. *See* (Petition at 15). Therefore, Petitioner's request for declaratory relief is moot. *See Green v. Mansour*, 474 U.S. 64, 74 (1985) (case moot where plaintiff requested a declaratory judgment solely to adjudicate the question of past violations of law, without identifying present violations).

Petitioner also seeks an order to effect his release from custody. *See* (Petition at 15). However, pursuant to the TRO Order, Petitioner has been released from immigration detention. *See* (Response at 2). Therefore, the Court can no longer provide redress on this request. *See Burnett v. Lampert*, 432 F.3d 996, 1000-01 (9th Cir. 2005) (dismissing habeas petition as moot where the petitioner's injury could not "be redressed by a favorable decision of the court issuing a writ of habeas corpus" (internal quotation marks and alterations omitted)).

Finally, Petitioner asserts a generic request for other appropriate relief. *See* (Petition at 15). Although the Ninth Circuit has read such requests "broadly to avoid mootness," *Health Freedom Def. Fund, Inc. v. Carvalho*, 148 F.4th 1020, 1027 (9th Cir. 2025), the Petition cannot be fairly read to encompass a request for relief that is sufficient to present a live controversy. In Reply, Petitioner argues that he retains an interest in the case because, without a permanent injunction, he could be re-arrested at any time in a manner that violates his right to procedural due process. *See* (Reply at 3-6). However, the Complaint does not seek injunctive relief or any form of prospective relief. *See Health Freedom Def. Fund*, 148 F.4th at 1027 (complaint "fairly encompasse[d] a request for reinstatement" based on a "broad request for *any* proper injunctive relief," combined with allegations that individual plaintiffs had been terminated in violation of law and had not been reinstated); *see also Harris v. Univ. of Massachusetts Lowell*, 43 F.4th 187, 193 (1st Cir. 2022) (request for "such further relief as [the district court] deems just and proper" did not "operate to preserve a request for damages in order to avoid mootness" because there was "absolutely no specific mention of compensatory, punitive, or nominal damages in the complaint" (internal quotation marks omitted)).

Therefore, because the Court can no longer grant Petitioner's requested relief, the case

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-00454-SPG-AS | Date | May 8, 2026 |
|---|---|---|---|
| Title | Maksim Zaitsev v. Warden et al. | | |

is moot. Petitioner argues that the Court can nevertheless hear the case under the mootness exception for harms capable of repetition, yet evading review. *See* (Reply at 8). "A dispute qualifies for that exception only if (1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *United States v. Sanchez-Gomez*, 584 U.S. 381, 391 (2018) (internal quotation marks omitted). Petitioner has not shown that the challenged conduct is of an "inherently limited duration," such that its recurrence would necessarily avoid judicial review. *See Hamamoto v. Ige*, 881 F.3d 719, 723 (9th Cir. 2018). Indeed, the Central District of California recently created an expedited process for the resolution of habeas petitions seeking immigration-related relief. *See* C.D. Cal. GO 26-05 § 2; *see also Hamamoto*, 881 F.3d at 723 (considering the availability of expedited review in determining whether a harm was capable of repetition, yet evading review).

**IV.   Conclusion**

For the foregoing reasons, the Court DENIES the request for a preliminary injunction and DISMISSES the Petition and case as moot.
        **IT IS SO ORDERED.**

_____ : _____

Initials of Preparer   pg